[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs allege they sustained personal injuries as the result of the negligence of the defendant Carpentier. On March 20, 1998, a motor vehicle operated by Carpentier with the permission of its owner, the defendant Feero, was involved in a collision with a vehicle owned and operated by the plaintiff Barlow. The plaintiff Zampano was a passenger, riding in the front passenger's seat.
The accident occurred on Meriden Road near the intersection of Frost Road in Waterbury. The plaintiff had turned onto Meriden Road from Frost Road and the defendant was making a left turn from Meriden into a gas station located at the named intersection.
The defendants argue that the plaintiff Barlow was at fault and urge the court to allocate at least some degree of negligence to him. The plaintiffs claim the defendant Carpentier was solely at fault. CT Page 3258
 DISCUSSION I
While numerous factual details were disputed during trial, significant conclusions can be drawn from facts not m dispute.
From the photographic evidence, it is clear that the defendant's vehicle struck the plaintiffs vehicle. Mr. Carpentier stated that the impact occurred in the plaintiffs lane of travel. He also stated he didn't see the plaintiffs vehicle until the impact, though he "saw the whole vehicle and headlights out of the corner of his eye." He places the impact at 15 to 20 feet from the intersections or 3 to 4 car lengths. Another defense witness places the impact at 30 to 40 feet from the intersections and this witness saw the plaintiffs vehicle slow down before the collision.
While there was considerable disagreement as to which entrance to the gas station Carpentier was approaching, it is clear that the plaintiff was in his lane, slowed, his vehicle as he approached the defendant's vehicle, and that his vehicle was struck by the defendant's vehicle making a left turn.
The points of impact suggest further that the vehicles were close to each other immediately prior to the mishap, raising the question of how Carpentier failed to observe the plaintiffs car.
The plaintiff Barlow places the point of impact further westerly on Meriden Road, but regardless of whose location of the impact one applies, it is obvious that Barlow had turned the corner and was proceeding westerly in his lane when his vehicle was struck at its left front "corner," at the headlight and front fender. The points of impact also suggest that the defendant's vehicle was proceeding to turn left at an angle to the travel lanes greater than 90 degrees. This makes it even harder to understand how the defendant Carpentier did not see the plaintiff approaching.
The plaintiff testified he was driving with good tires and brakes and his car was in good condition. A defense witness observed him slowing as he approached the defendant's vehicle. There was no evidence adduced to support the defendants' special defense. The defense witnesses gave contradictory evidence on CT Page 3259 some points.
It is therefore the conclusion of the court that the negligence of the defendant Carpentier was the sole proximate cause of the mishap and the resulting damages.
The court does not find that the defendant Carpentier was operating under the influence, though there is at least a hint of that fact in the evidence.
 II A.
The plaintiff Brian Barlow was checked at a hospital and then by his own physician. He had no persisting complaints and sought no further treatment. He incurred medical bills of $270.67. His neck was sore but he had a full recovery in a week.
 B.
The plaintiff Michelle Zampano stuck her face against the rear view mirror, her left leg against a phone bracket, sprained her thumb, and complained of injuries to her cervical and lumbrosacral spinal areas. She lost work due to her back pain and her need for physiotherapy treatments and doctor's visits. Her medical bills totaled $4,621.33. Her treatment lasted through 1998, the therapy concluded in May of 1998. In addition to the disruption of her normal everyday activities, this episode had a harmful effect on her overall health condition and she encountered weight problems.
 CONCLUSION A.
As to Brian Barlow, the court finds he has suffered economic damages of $270.67 and non-economic damages of $600.00.
Judgment may enter in his favor as against the defendant's in the amount of $870.67 plus taxable costs.
 B.
As to Michelle Zampano, the court finds she has suffered CT Page 3260 economic damages of $5,161.33, $4,621.33 for her medical expenses and $540 for lost wages. She has also suffered non-economic damages of $8,500.
Judgment may enter in her favor as against the defendants in the amount of $13,661.33 plus taxable costs.
Anthony V. DeMayo, Judge Trial Referee